UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE: JAMIE LASHON DUKES | CASE NO: 17-04264 |
| MYESHIA S. DUKES | CHAPTER 13 |
| (Set forth here all names including married, maiden, and trade names used by debtor within the last 8 years.) | |
| DEBTOR(S) | |
| Address: 8 DEVY COURT | |
| IRMO SC 29063 | |
| Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 8951 / 6949 | |

**NOTICE OF CONFIRMATION HEARING**

    The debtor(s) in the above captioned case filed a chapter 13 plan on date. The plan is attached, or will be separately mailed to you by the debtor(s).

    <u>Your rights may be affected by the plan</u>. **You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

    Any objection to confirmation of the chapter 13 plan must be filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) at least seven days prior to the confirmation hearing. Objections to confirmation may be overruled if the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed on recommendation of the trustee.

    The confirmation hearing will be held on FEBRUARY 8, 2018 at 9:00 a.m., Location: US BANKRUPTCY COURT, 1100 LAUREL STREET, COLUMBIA SC 29201.

    <u>If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the plan and may enter an order confirming the plan.</u>

Date:___12/20/17___                                                                          BY:<u>/s/ JASON T. MOSS</u>
                                                                                                                   JASON T. MOSS
                                                                                                                   Moss & Associates, Attorneys P.A.
                                                                                                                   816 Elmwood Avenue
                                                                                                                   Columbia SC 29201
                                                                                                                   (803)933-0202
                                                                                                                   District Court I.D. #7240
                                                                                                                   Attorney for the Debtor

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Jamie Lashon Dukes** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Myeshia S. Dukes** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | **17-04264** | |
| (If known) | | |

☒ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☒ Pre-confirmation modification
☐ Post-confirmation modification

Used new form plan pursuant to 3015-1.

3.4 : lien avoided First Credit

District of South Carolina
# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☒ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☒ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☒ Included | ☐ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$399** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

| Debtor | **Jamie Lashon Dukes** | Case number | **17-04264** |
|---|---|---|---|
| | **Myeshia S. Dukes** | | |

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
☒    The debtor will make payments pursuant to a payroll deduction order.
☐    The debtor will make payments directly to the trustee.
☐    Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
☒    Debtor will retain any income tax refunds received during the plan term.

☐    Debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
☒    **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

| Part 3: | **Treatment of Secured Claims** |
|---|---|

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

☒    None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
☐    **3.1(a)**  The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

*Insert additional claims as needed.*

*Insert additional claims as needed*

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

☐    **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
    ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

☒        The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed Estimated amount of secured claim.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

| Debtor | **Jamie Lashon Dukes** | | Case number | **17-04264** |
|---|---|---|---|---|
| | **Myeshia S. Dukes** | | | |

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of creditor and description of property securing lien | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| AUTO MONEY TITLE | $1,600.00 | 2006 TOYOTA HIGHLANDER | $900.00 | $0.00 | $900.00 | 5.25% | $18.00 (or more) |
| HARBISON COMMUNITY ASSOC | $2,602.85 | DEBTOR'S RESIDENCE: 8 DEVY COURT, IRMO, SC 29063; | $100,000.00 | $124,183.02 | $0.00 | 0.00% | $0.00 (or more) |
| TITLE MAX | $1,300.00 | 1994 CHEVROLET SILVERADO | $300.00 | $0.00 | $300.00 | 5.25% | $6.00 (or more) |
| VERITAS INSTRUMENT RENTAL INC. | $326.00 | VIOLIN | $200.00 | $0.00 | $200.00 | 5.25% | $4.00 (or more) |
| WORLD FINANCE | $1,500.00 | HOUSEHOLD GOODS | $0.00 | $0.00 | $0.00 | 0.00% | $0.00 (or more) |

*Insert additional claims as needed.*

| Debtor | **Jamie Lashon Dukes** | Case number | **17-04264** |
|---|---|---|---|
| | **Myeshia S. Dukes** | | |

**3.3** Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.

*Check one.*

☒ **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**3.4** **Lien avoidance**.

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked**

☒ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. *See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of Lien avoided |
|---|---|---|---|---|---|---|
| FIRST CREDIT  HOUSEHOLD GOODS | $356.00 | $0.00 | S.C. Code Ann. § 15-41-30(A)(3) | $1,200.00 | $356.00 | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5** **Surrender of collateral.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.
☒ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| PROGRESSIVE LEASING | HOUSEHOLD GOODS: MATTRESS |
| SOUTHERN LEASE MANAGEMENT GROUP | HOUSEHOLD GOODS: STORAGE SHED (17X20) |
| WESTGATE GROUP | WESTGATE TIMESHARE |

| Debtor | **Jamie Lashon Dukes**  **Myeshia S. Dukes** | Case number | **17-04264** |
|---|---|---|---|

*Insert additional claims as needed.*

## Part 4:  Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case.  Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement.  Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $**200.00** and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $**3,500.00** or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time.  If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ Domestic Support Claims. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full.  Add additional creditors as needed.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis.  If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☒ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

| Debtor | **Jamie Lashon Dukes**<br>**Myeshia S. Dukes** | Case number | **17-04264** |
|---|---|---|---|

| Part 5: | Treatment of Nonpriority Unsecured Claims |
|---|---|

**5.1** **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☒ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2** **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3** **Other separately classified nonpriority unsecured claims.** *Check one*.

☒ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

| Part 7: | Vesting of Property of the Estate |
|---|---|

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☒ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**NOTICE: The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of creditor's claim regardless of proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**

**The Debtor(s)' plan relies upon loss mitigation or a consensual mortgage loan modification (LM/MM) of the mortgage loan**

| Debtor | **Jamie Lashon Dukes** | Case number | **17-04264** |
|---|---|---|---|
| | **Myeshia S. Dukes** | | |

secured by the following property:
**8 Devy Court, Irmo SC 29063**
**If LM/MM is approved, the Debtor(s) shall directly pay Seterus's allowed mortgage claim including any prepetition and post petition amounts. No payment will be made by the Trustee on this secured claim.**
**In the event that (1) the LM/MM request (and any necessary documentation) is not submitted or is denied or (2) the Debtor(s) fail to timely make any required Trial Period Plan Payments, the Mortgage Creditor may, after 14 days' written notice to the Debtor(s), Debtor(s)' Counsel, and the Trustee, submit an affidavit and proposed order seeking relief from the stay. However, the Mortgage Creditor may not obtain relief until its final consideration of LM/MM is concluded and reported to the Debtor(s) and Debtor(s)' Counsel.**

**Statement in Support of Confirmation: Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

**8.1(a) Reservation of Rights: Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim.  The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548.**

| Part 9: | **Signatures:** |
|---|---|

**9.1    Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | **/s/ Jamie Lashon Dukes** | X | **/s/ Myeshia S. Dukes** |
|---|---|---|---|
| | **Jamie Lashon Dukes** | | **Myeshia S. Dukes** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on    **December 20, 2017** | | Executed on    **December 20, 2017** |
| X | **/s/ JASON T. MOSS** | Date | **December 20, 2017** |
| | **JASON T. MOSS 7240** | | |
| | Signature of Attorney for Debtor(s)  DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 17-04264-jw<br>District of South Carolina<br>Columbia<br>Wed Dec 20 12:43:46 EST 2017 | AT&T<br>1 AT&T WAY, ROOM 3A104<br>Bedminster NJ 07921-2694 | ATTORNEY GENERAL OF UNITED STATES<br>950 PENNSYLVANIA AVE, NW<br>Washington DC 20530-0001 |
| AUTO MONEY TITLE<br>2009 BRAOD RIVER ROAD<br>Columbia SC 29210-7006 | CAPITAL ONE, N.A.<br>C/O BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 | CLEAR SPRINGS<br>PO BOX 52238<br>Idaho Falls ID 83405-2238 |
| COLUMBIA FLOOR SOURCE<br>2744 EMANUEL CHURCH ROAD<br>West Columbia SC 29170-1329 | CREDIT COLLECTION SERVICES<br>725 CANTON STREET<br>Norwood MA 02062-2679 | CREDIT CONTROL, LLC<br>PO BOX 488<br>Hazelwood MO 63042-0488 |
| Jamie Lashon Dukes<br>8 Devy Court<br>Irmo, SC 29063-9280 | Myeshia S. Dukes<br>8 Devy Court<br>Irmo, SC 29063-9280 | ELLA GLOVER<br>161 GLENCREST DRIVE<br>Gaston SC 29053-8421 |
| FINKEL LAW FIRM<br>PO BOX 71727<br>North Charleston SC 29415-1727 | FIRST CREDIT<br>1597 BROAD RIVER ROAD<br>Columbia SC 29210-7301 | Federal National Mortgage Association<br>c/o Seterus, Inc.<br>PO Box 1047<br>Hartford, CT 06143-1047 |
| HARBISON COMMUNITY ASSOC<br>106 HILLPINE RD<br>Columbia SC 29212-2408 | HARBISON COMMUNITY ASSOCIATION<br>106 HILLPINE ROAD<br>Columbia SC 29212-2408 | IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 |
| KOHLS<br>PO BOX 3115<br>Milwaukee WI 53201-3115 | LAKE VIEW MEDICAL<br>293 GREYSTONE BLVD, 3RD FLOOR<br>Columbia SC 29210-8004 | LVNV Funding, LLC its successors and assigns<br>assignee of North Star Capital<br>Acquisition LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Jason T. Moss<br>Moss & Associates, Attorneys, P.A.<br>816 Elmwood Avenue<br>Columbia, SC 29201-2027 | Kathleen M Muthig<br>Finkel Law Firm LLC<br>Post Office Box 1799<br>1201 Main Street, Suite 1800<br>Columbia, SC 29201-3294 | NAVIENT<br>PO BOX 9635<br>Wilkes Barre PA 18773-9635 |
| NELNET LOAN SERVICES<br>3015 S. PARKER RD<br>STE 425<br>Aurora CO 80014-2904 | NPRTO South-East, LLC<br>256 West Data Drive<br>Draper, UT 84020-2315 | Navient Solutions, LLC on behalf of<br>Department of Education Loan Services<br>PO BOX 9635<br>Wilkes-Barre, PA 18773-9635 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | PROGRESSIVE LEASING<br>256 WEST BADA DRIVE<br>Draper UT 84020 | Pinnacle Credit Services, LLC its successors<br>assigns as assignee of Cellco<br>Partnership d/b/a Verizon Wireless<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |

| | | |
|---|---|---|
| REHABILITATION AND GERIATRIC<br>PO BOX 11671<br>Columbia SC 29211-1671 | RICHLAND COUNTY CLERK OF COURT<br>PO BOX 2766<br>Columbia SC 29202-2766 | RICHLAND COUNTY TREASURER<br>PO BOX 2687<br>Columbia SC 29202-2687 |
| Reviver Financial, LLC<br>PO Box 3023<br>Attn: Bankruptcy Department<br>Hutchinson, KS 67504-3023 | SC DEPT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 | SETERUS<br>PO BOX 1077<br>Hartford CT 06143-1077 |
| SLEEP MED THERAPY SERVICES<br>60 CHASTAIN CENTER BLVD, STE 66<br>Kennesaw GA 30144-5598 | SOUTHERN FINANCE<br>1900 TAYLOR ST<br>Columbia SC 29201-3544 | SOUTHERN LEASE MANAGEMENT GROUP<br>PO BOX 539<br>Memphis TN 38101-0539 |
| William K. Stephenson Jr.<br>PO Box 8477<br>Columbia, SC 29202-8477 | TIME WARNER<br>PO BOX 70872<br>Charlotte NC 28272-0872 | (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 |
| TRANSWORLD SYSTEM<br>1612 MARION STREET, SUITE 100<br>Columbia SC 29201-2939 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US ATTORNEY'S OFFICE<br>ATTN DOUG BARNETT<br>1441 MAIN ST STE 500<br>Columbia SC 29201-2862 |
| VERITAS INSTRUMENT RENTAL INC.<br>PO BOX 950<br>Pinellas Park FL 33780-0950 | VERIZON<br>PO BOX 4001<br>Acworth GA 30101-9002 | WELLS FARGO DEALER SERVICES<br>PO BOX 1697<br>Winterville NC 28590-1697 |
| WESTGATE GROUP<br>1550 MADRUGA AVE.<br>Miami FL 33146-3039 | WORLD FINANCE<br>620 12th STREET<br>West Columbia SC 29169-6337 | World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| PORTFOLIO RECOVERY ASSOCIATES<br>PO BOX 12914<br>Norfolk VA 23541 | (d)Portfolio Recovery Associates, LLC<br>POB 12914<br>Norfolk VA 23541 | TITLE MAX<br>3038 BROAD RIVER ROAD<br>Columbia SC 29210 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Federal National Mortgage Association

End of Label Matrix
Mailable recipients    50
Bypassed recipients     1
Total                  51